IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HDNET, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>WILLIAM HAMBRECHT, et al.,<br><br>        Defendants. | Case No.: C-12-80265 CRB (JSC)<br><br>**ORDER GRANTING MOTION FOR ASSIGNMENT ORDER AND RESTRAINING ORDER (Dkt. No. 42)**<br><br>**REDACTED ORDER** |

In this judgment debtor action, Plaintiff moves for 1) an assignment of Defendant Hambrecht 1980 Revocable Trust's ("Trust") interests in various payments, and 2) a restraining order against the Trust, "including its trustees and agents," prohibiting them "from assigning or otherwise disposing of the right to payment sought to be assigned." (Dkt. No. 42 at 5-6.) Defendants have not responded to the motion. Pursuant to Civil Local Rule 7–1(b), the Court finds that Plaintiff's motion can be decided without oral argument and VACATES the June 20, 2013 hearing. After careful review of the papers submitted in support of Plaintiff's motion, the Court GRANTS the motion.

**DISCUSSION**

**I.    Assignment Order**

Whether or not Plaintiff is entitled to an assignment order is governed by Federal Rule of

1    Civil Procedure 69(a)(1), which in turn makes California law applicable.  *See* Fed. R. Civ. P.
2    69(a)(1) (providing that "[a] money judgment is enforced by a writ of execution, unless the court
3    directs otherwise" and that "[t]he procedure on execution—and in proceedings supplementary to and
4    in aid of judgment or execution—must accord with the procedure of the state where the court is
5    located, but a federal statute governs to the extent it applies").

6    Under California law, "upon application of the judgment creditor on noticed motion, the court
7    may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment
8    due or to become due, whether or not the right is conditioned on future developments."  Cal. Code
9    Civ. Proc. § 708.510(a).  "[T]he legal standard imposed by § 708.510 does not obligate [a plaintiff] to
10   provide detailed evidentiary support for its request."  *UMG Recordings, Inc. v. BCD Music Grp., Inc.*,
11   2009 WL 2213678, at *3 (C.D. Cal. July 9, 2009).

12   The United States District Court for the Northern District of Texas entered a money judgment
13   in favor of Plaintiff and against Defendants in the amount of $3,680,548.56 plus additional interest.
14   (Dkt. No. 1.)  The judgment was registered in this District on November 7, 2012.  (*Id.*)  Plaintiff
15   asserts that no payments have been made on the judgment.  (Dkt. No. 42-1 ¶ 3.)  As of April 25, 2013,
16   the total judgment amount is $3,929,590.32.  (*Id.*)  Plaintiff conducted a judgment debtor exam of
17   Defendant William Hambrecht, in which Hambrecht testified to the Trust's assets as provided in the
18   ▓▓▓▓▓▓▓▓.

19   Based on this judgment debtor exam, Plaintiff seeks an assignment order of the Trust's rights
20   to certain payments ▓▓▓▓▓▓▓▓
21   ▓▓▓▓▓▓▓▓.  (Dkt. No. 41-1 ¶ 2.)  Specifically, Plaintiff seeks an assignment
22   of payment for ▓▓▓▓▓▓▓▓
23   ▓▓▓▓▓▓▓▓.  (*See* Dkt. No. 42-1 ¶
24   6, Ex. C at p. 2.)  Plaintiff, as well as Hambrecht, are unaware whether the ▓▓▓▓ referred to in
25   the ▓▓▓▓▓▓▓▓ Plaintiff thus
26   appears to seek an assignment of payment from the ▓▓▓▓▓▓▓▓ to the extent either of
27   those ▓▓▓ are making payments to the Trust ▓▓▓▓.  Because Plaintiff's request is
28   adequately supported by evidence showing that the Trust is receiving, or is due to receive, payments

1 ▮▮▮, the Court GRANTS Plaintiff's motion for an assignment of the payments due from
2 ▮▮▮ for the ▮▮▮
3 ▮▮▮ until such time as the judgment,
4 including accrued interest, is fully satisfied.[1]
5      Regarding ▮▮▮, Plaintiff identifies in the ▮▮▮
6 ▮▮▮ due to the Trust, which is noted as ▮▮▮ (Dkt. No. 42-1 ¶ 7, Ex. C.
7 at 2.) Plaintiff appears to assert that ▮▮▮. Plaintiff further
8 identifies in the ▮▮▮
9 ▮▮▮ (*Id.*) Although the declaration attached to Plaintiff's motion identifies both
10 items, Plaintiff's proposed order seeks only the ▮▮▮.[2] (*See* Dkt. No. 42-2 at
11 2.) Because Plaintiff's request is adequately supported by evidence showing that the Trust is
12 receiving, or is due to receive, ▮▮▮
13 the Court GRANTS Plaintiff's motion for an assignment of those payments until such time as the
14 judgment, including accrued interest, is fully satisfied.

15 **II.   Restraining Order**

16      Under California Code of Civil Procedure § 708.520, a court may issue an order restraining
17 the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be
18 assigned "upon a showing of need for the order. The court, in its discretion, may require the judgment
19 creditor to provide an undertaking." Cal. Code Civ. Proc. § 708.520(b). "[T]here is a relatively low
20 threshold" for "an adequate showing of need for purposes of obtaining a restraining order." *Legal*
21 *Additions LLC v. Kowalksi*, 2011 U.S. Dist. LEXIS 81179, at *7 (N.D. Cal. July 26, 2011); *see also*
22 *UMG*, 2009 WL 2213678, at *3 (concluding that the need requirement was satisfied simply because

---

[1] Plaintiff's proposed order submitted with the motion appears to go beyond the ▮▮▮ identified in the ▮▮▮. The proposed order requests "all rights to payment of money due or to become due" from ▮▮▮ and ▮▮▮, "including but not limited to" the ▮▮▮. (Dkt. No. 42-2 at 1-2.) Plaintiff, however, has not identified any other payments that are due or will become due to the Trust beyond the ▮▮▮. Thus, to the extent Plaintiff seeks an assignment of payments in addition to the ▮▮▮, Plaintiff has not provided any evidence supporting its request.

[2] The proposed order, however, again uses the inadequate "including but not limited to" language already discussed.

United States District Court
Northern District of California

the judgment debtor had defaulted on the payment program under the settlement agreement and refused to voluntarily satisfy the judgment against it).

In light of this low threshold, the Court concludes that a restraining order against the Trust is warranted. The judgment has been entered in this case since November 2012, yet the Trust has failed to make any payment on the judgment to Plaintiff. Further, the Trust has not opposed this motion nor explained why such voluntary payment has not been made. In addition, Plaintiff has provided evidence that suggests that the Trust may attempt to assign or otherwise dispose of the rights to the payments at issue in the absence of a restraining order. (*See* Dkt. No. 42-1 ¶ 10.)

Accordingly, the Court GRANTS Plaintiff's motion for a restraining order against the Trust, its trustees, and agents.

**CONCLUSION**

For the foregoing reasons, the Court hereby grants Plaintiff's motion.

With respect to the request for an assignment order, IT IS HEREBY ORDERED as follows:

That the following rights to payment of Judgment Debtor the Trust be, and hereby are, assigned to the Judgment Creditor, HDNet, until such time as the judgment herein is fully satisfied or this order is amended: 1) payments due from ▮▮▮ for the ▮▮▮, and 2) payments due from ▮▮▮.

With respect to the restraining order, IT IS HEREBY ORDERED that Judgment Debtor the Trust, its trustees William Hambrecht and Sarah Hambrecht, its agents, servants, employees, and attorneys and all other persons in active concert or participation with any of the forgoing are restrained from assigning or otherwise disposing of the right to payment described above so that the assignment rights to payment may be available for satisfaction of the judgment herein.

This Order disposes of Docket No. 42.

IT IS SO ORDERED.

4

Dated: June 19, 2013

                                              _____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE