IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HDNET, LLC,<br><br>                   Plaintiff,<br><br>          v.<br><br>WILLIAM HAMBRECHT, et al.,<br><br>                   Defendants. | Case No.: C-12-80265 CRB (JSC)<br><br>**ORDER GRANTING MOTION FOR ASSIGNMENT ORDER AND RESTRAINING ORDER (Dkt. No. 42)**<br><br>**REDACTED ORDER** |

        In this judgment debtor action, Plaintiff moves for 1) an assignment of Defendant Hambrecht 1980 Revocable Trust's ("Trust") interests in various payments, and 2) a restraining order against the Trust, "including its trustees and agents," prohibiting  them "from assigning or otherwise disposing of the right to payment sought to be assigned."  (Dkt. No. 42 at 5-6.)  Defendants have not responded to the motion.  Pursuant to Civil Local Rule 7–1(b), the Court finds that Plaintiff's motion can be decided without oral argument and VACATES the June 20, 2013 hearing.  After careful review of the papers submitted in support of Plaintiff's motion, the Court GRANTS the motion.

**DISCUSSION**

**I.      Assignment Order**

        Whether or not Plaintiff is entitled to an assignment order is governed by Federal Rule of

1  Civil Procedure 69(a)(1), which in turn makes California law applicable.  *See* Fed. R. Civ. P.

2  69(a)(1) (providing that "[a] money judgment is enforced by a writ of execution, unless the court

3  directs otherwise" and that "[t]he procedure on execution—and in proceedings supplementary to and

4  in aid of judgment or execution—must accord with the procedure of the state where the court is

5  located, but a federal statute governs to the extent it applies").

6      Under California law, "upon application of the judgment creditor on noticed motion, the court

7  may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment

8  due or to become due, whether or not the right is conditioned on future developments."  Cal. Code

9  Civ. Proc. § 708.510(a).  "[T]he legal standard imposed by § 708.510 does not obligate [a plaintiff] to

10  provide detailed evidentiary support for its request."  *UMG Recordings, Inc. v. BCD Music Grp., Inc.*,

11  2009 WL 2213678, at *3 (C.D. Cal. July 9, 2009).

12      The United States District Court for the Northern District of Texas entered a money judgment

13  in favor of Plaintiff and against Defendants in the amount of $3,680,548.56 plus additional interest.

14  (Dkt. No. 1.)  The judgment was registered in this District on November 7, 2012.  (*Id.*)  Plaintiff

15  asserts that no payments have been made on the judgment.  (Dkt. No. 42-1 ¶ 3.)  As of April 25, 2013,

16  the total judgment amount is $3,929,590.32.  (*Id.*)  Plaintiff conducted a judgment debtor exam of

17  Defendant William Hambrecht, in which Hambrecht testified to the Trust's assets as provided in the

18  █████████████.

19      Based on this judgment debtor exam, Plaintiff seeks an assignment order of the Trust's rights

20  to certain payments █████████████████████████████████████████████████

21  ████████████████████.  (Dkt. No. 41-1 ¶ 2.)  Specifically, Plaintiff seeks an assignment

22  of payment for ████████████████████████████████████████████████████

23  ████████████████████████████████████████████.  (*See* Dkt. No. 42-1 ¶

24  6, Ex. C at p. 2.)  Plaintiff, as well as Hambrecht, are unaware whether the ████████ referred to in

25  the ███████████████████████████████████  Plaintiff thus

26  appears to seek an assignment of payment from the ████████████████ to the extent either of

27  those ██████ are making payments to the Trust ██████████.  Because Plaintiff's request is

28  adequately supported by evidence showing that the Trust is receiving, or is due to receive, payments

1   ███████████, the Court GRANTS Plaintiff's motion for an assignment of the payments due from

2   ████████████████████████████████████ for the ████████████████████████

3   ██████████████████████████████ until such time as the judgment,

4   including accrued interest, is fully satisfied.[1]

5        Regarding ████████████████████, Plaintiff identifies in the ████████████

6   ██████ due to the Trust, which is noted as ████████████ (Dkt. No. 42-1 ¶ 7, Ex. C.

7   at 2.)  Plaintiff appears to assert that ███████████████████████.  Plaintiff further

8   identifies in the ███████████████████████████████████████████████

9   ██████ (*Id.*)  Although the declaration attached to Plaintiff's motion identifies both

10  items, Plaintiff's proposed order seeks only the ████████████████.[2]  (*See* Dkt. No. 42-2 at

11  2.)  Because Plaintiff's request is adequately supported by evidence showing that the Trust is

12  receiving, or is due to receive, ████████████████████████████████████

13  the Court GRANTS Plaintiff's motion for an assignment of those payments until such time as the

14  judgment, including accrued interest, is fully satisfied.

15  **II.      Restraining Order**

16       Under California Code of Civil Procedure § 708.520, a court may issue an order restraining

17  the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be

18  assigned "upon a showing of need for the order.  The court, in its discretion, may require the judgment

19  creditor to provide an undertaking."  Cal. Code Civ. Proc. § 708.520(b).  "[T]here is a relatively low

20  threshold" for "an adequate showing of need for purposes of obtaining a restraining order."  *Legal*

21  *Additions LLC v. Kowalksi*, 2011 U.S. Dist. LEXIS 81179, at \*7 (N.D. Cal. July 26, 2011); *see also*

22  *UMG*, 2009 WL 2213678, at \*3 (concluding that the need requirement was satisfied simply because

---

[1]  Plaintiff's proposed order submitted with the motion appears to go beyond the ████████████ identified in the ████████████████.  The proposed order requests "all rights to payment of money due or to become due" from ████████████ and ████████████████████, "including but not limited to" the ████████████████.  (Dkt. No. 42-2 at 1-2.)  Plaintiff, however, has not identified any other payments that are due or will become due to the Trust beyond the ████████████████.  Thus, to the extent Plaintiff seeks an assignment of payments in addition to the ████████████████, Plaintiff has not provided any evidence supporting its request.

[2]  The proposed order, however, again uses the inadequate "including but not limited to" language already discussed.

United States District Court
Northern District of California

1   the judgment debtor had defaulted on the payment program under the settlement agreement and

2   refused to voluntarily satisfy the judgment against it).

3        In light of this low threshold, the Court concludes that a restraining order against the Trust is

4   warranted.  The judgment has been entered in this case since November 2012, yet the Trust has failed

5   to make any payment on the judgment to Plaintiff.  Further, the Trust has not opposed this motion nor

6   explained why such voluntary payment has not been made.  In addition, Plaintiff has provided

7   evidence that suggests that the Trust may attempt to assign or otherwise dispose of the rights to the

8   payments at issue in the absence of a restraining order.  (*See* Dkt. No. 42-1 ¶ 10.)

9        Accordingly, the Court GRANTS Plaintiff's motion for a restraining order against the Trust,

10  its trustees, and agents.

## CONCLUSION

12       For the foregoing reasons, the Court hereby grants Plaintiff's motion.

13       With respect to the request for an assignment order, IT IS HEREBY ORDERED as follows:

14       That the following rights to payment of Judgment Debtor the Trust be, and hereby are,

15  assigned to the Judgment Creditor, HDNet, until such time as the judgment herein is fully satisfied or

16  this order is amended: 1) payments due from ███████████████████████████████████

17  ███ for the ████████████████████████████████████████████████████████

18  ████████████, and 2) payments due from ███████████████████████████████████

19  ████████████.

20       With respect to the restraining order, IT IS HEREBY ORDERED that Judgment Debtor the

21  Trust, its trustees William Hambrecht and Sarah Hambrecht, its agents, servants, employees, and

22  attorneys and all other persons in active concert or participation with any of the forgoing are

23  restrained from assigning or otherwise disposing of the right to payment described above so that the

24  assignment rights to payment may be available for satisfaction of the judgment herein.

25       This Order disposes of Docket No. 42.

26

27       IT IS SO ORDERED.

28

4

Dated: June 19, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28